IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-19-248-D |
| | ) |
| CHRISTIAN DUSENBERRY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Defendant's *pro se* request for early termination of supervised release [Doc. No. 1297], which is liberally construed as a motion for modification of his sentence under 18 U.S.C. § 3583(e)(1). The government has filed its response [Doc. No. 1300], opposing relief because of the nature of Defendant's offense and his criminal history and because the Probation Office does not support his request.

## Factual Background

Defendant was indicted in August 2019, along with 18 codefendants, on charges of participating in a drug trafficking conspiracy, possessing heroin with intent to distribute, and unlawfully using a communication facility. A superseding indictment in October 2019 added another nine codefendants. Defendant reached a plea agreement, and a superseding information was filed in July 2020 charging him with a drug conspiracy offense that carried no mandatory minimum penalty. The Court granted Defendant's unopposed request for a combined plea and sentencing proceeding.

On February 28, 2022, Defendant entered a plea of guilty to the charged violation of 21 U.S.C. § 846. The advisory guideline range of imprisonment was 24 to 30 months. The Court varied downward and imposed a prison sentence of 12 months and one day, followed by a three-year term of supervised release. Defendant completed his prison term and began supervised release on January 13, 2023.

To date, Defendant has completed more than 18 months of supervision and, during that time, has been largely compliant with all conditions of supervision. His probation officer reports that Defendant has done well and that his compliance issues have been limited to two positive test results for alcohol use in July 2023 and March 2024.  In his motion, Defendant reports many positive changes, including almost five years of sobriety, gainful employment, financial stability, and close family relationships. The government and the probation office do not dispute this report.

Defendant asks the Court to shorten his term of supervised release, which will otherwise end in January 2026, because he is "ready for the next step" of "total freedom" from his conditions of supervision.  *See* Mot. at 1. Defendant mentions specifically the inconvenience of travel restrictions and random drug tests, and the impact on his children of home visits by probation officers. Defendant states he has become "a good man, amazing father and husband, [and] a hard worker, and [he is] ready to put all of this trouble behind [him]." *Id*.

In response, the government asserts that the Court's original sentencing decision remains the right choice for Defendant and that he should be required to complete his full term of supervised release.  *See* Resp. Br. at 3-4. The government acknowledges that

Defendant has "made significant improvements" in his lifestyle and family circumstances but expresses a belief in the utility of continued supervision of Defendant for the remaining term of approximately seventeen months. *Id.* at 5.

## Standard of Decision

Section 3583(e)(1) authorizes a district court to "terminate a term of supervised release and discharge a defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). This statute confers on a sentencing court discretion to end a defendant's term of supervision after considering certain factors in 18 U.S.C. § 3553(a). *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012); *United States v. Fykes*, No. 21-1222, 2022 WL 245516, *2 (10th Cir. Jan. 27, 2022) (unpublished).[1] The required § 3553(a) factors include, as applicable, subsections (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)6) and (a)(7). *See* 18 U.S.C. § 3583(e). In exercising its discretion, this Court is also mindful that "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000).

## Discussion

After careful consideration, the Court is not persuaded that an early termination of Defendant's term of supervised release is warranted by his conduct and the interest of

---

[1] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

3

justice. Defendant has completed approximately one and one-half years of supervised release and has been generally compliant with his conditions of supervision. On the other hand, Defendant does not point to any fact indicating that his conditions of supervised release impact his progress toward complete rehabilitation. Given Defendant's relatively short prison sentence, the Court finds that continuing to serve the three-year term of supervised release originally imposed strikes the proper balance and best achieves the goals of sentencing. The Court commends Defendant for his positive changes and substantial achievements. However, in light of all the circumstances presented, the Court does not believe that a termination of Defendant's supervised release is warranted at this time.

## Conclusion

For these reasons, the Court declines to discharge Defendant from supervised release and instead determines that he should remain under supervision at this time.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for early termination of supervised release [Doc. No. 1297] is **DENIED** without Prejudice to a resubmission in the future, if appropriate.

**IT IS SO ORDERED** this 6th day of August, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge